UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER REESE,<br><br>  Plaintiff,<br><br>  v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>  Defendant. | No. 1:24-cv-01092-KES-CDB<br><br>ORDER GRANTING WAL-MART'S MOTION TO DISMISS<br><br>(Doc. No. 11) |

This matter is before the Court on the motion to dismiss filed by defendant Wal-Mart Associates, Inc. ("Wal-Mart") on November 27, 2024. (Doc. 11.) The motion was taken under submission on the papers pursuant to Local Rule 230(g) on February 4, 2025. (Doc. 18.) For the reasons explained below, Wal-Mart's motion is granted.

**BACKGROUND**

On August 12, 2024, plaintiff Roger Reese filed a complaint initiating this lawsuit in the Kern County Superior Court. (Doc. 1-1 at 6.) Wal-Mart removed the action to this Court on September 13, 2024. (Doc. 1.) Thereafter, on October 18, 2024, the parties filed a stipulated request to permit Reese to file a first amended complaint and to continue the deadline for Wal-Mart's response thereto. (Doc. 6.) After the stipulation was adopted, (Doc. 7), Reese filed his operative first amended complaint ("FAC") on October 29, 2024. (Doc. 8.) In his FAC, Reese

1

alleges the following.[1]

Reese worked at Wal-Mart from about 1994 to on or about May 20, 2024.  (*Id.* at ¶ 5.)  From in or about September 2021 to on or about May 20, 2024, Reese worked as a bagger for online shoppers.  (*Id.* at ¶ 6.)  During this time, Reese was instructed to use a cellphone provided by Wal-Mart as part of his employment.  (*Id.*)  The cellphone battery would end during Reese's shift, and he would have to charge it at home before every shift.  (*Id.*)  Reese asked for a power bank so he would not have to charge the cellphone at home, but he was not provided one.  (*Id.*)  Reese was not reimbursed for the expense of charging his work cellphone at home—which he charged approximately 1.5 hours a day five days a week.  (*Id.*)  Reese also had to charge his cellphone in the lounge area at work during meal and rest breaks because the battery would not last the entire shift.  (*Id.* at ¶¶ 6, 15.)  Reese claims he was unable to leave the cellphone unattended at work and that his meal and rest breaks were interrupted as a result.  (*Id.* at ¶¶ 7–9, 15.)

In April of 2024, Reese was instructed to put online orders in plastic bags.  (*Id.* at ¶ 10.)  Reese was instructed that when customers refused to pay for plastic bags, he should give the customers their orders in free plastic bags.  (*Id.*)  Reese was criticized multiple times by his team leads for not following this procedure.  (*Id.*)  Reese believed the Governor of California wanted to eliminate the use of plastic bags and that Wal-Mart's policy of providing free bags when customers failed to pay the $0.10 charge was against the law.  (*Id.*)  Frustrated with the circumstances of his employment, Reese resigned on or about May 20, 2024, after notifying "WAL-MART ethics."  (*Id.* at ¶ 11.)  Reese asserts he was "constructively wrongfully terminated because he could not tolerate the illegal work conditions."  (*Id.*)

Based on these allegations, Reese brings the following ten claims in his FAC:  (1) meal break violations; (2) rest break violations; (3) minimum wage violations; (4) overtime violations; (5) California Labor Code Section 2802 violations; (6) California Labor Code Section 226 penalties; (7) California Labor Code Sections 201–203 penalties; (8) constructive wrongful

---

[1]  The Court presumes the factual allegations in the FAC to be true in evaluating the motion to dismiss.  *See Murguia v. Langdon*, 61 F.4th 1096, 1106 (9th Cir. 2023).

termination in violation of public policy; (9) intentional infliction of emotional distress; and (10) California Business and Professions Code Section 17200 violations.[2] (*Id.* at ¶¶ 13–81.)

On November 27, 2024, Wal-Mart filed the pending motion to dismiss the FAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) Following the Court's grant of the parties' stipulation to modify the briefing schedule, (Docs. 13, 14), Reese filed an opposition to Wal-Mart's motion on January 10, 2025. (Doc. 15.)[3] Wal-Mart filed a reply on January 17, 2025. (Doc. 17.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

---

[2] Reese's first four claims are brought under the California Labor Code. (*Id.* at ¶¶ 13–43.)

[3] Reese separately filed a table of contents and table of authorities for his opposition the same day. (Doc. 16.)

3

*Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A.     Meal and Rest Break Violations (Claims 1 and 2)**

In its motion to dismiss, Wal-Mart contends that Reese has failed to state a cognizable meal or rest break claim. Wal-Mart argues that the FAC fails to explain why Reese was limited to charging his cellphone in the lounge and not at any one of the thousands of other outlets in the store. Wal-Mart also notes that the FAC does not contain any specific factual allegations that Reese was instructed to stay with his cellphone while it was charging in the lounge, or that Wal-Mart knew Reese was doing this. In opposition, Reese argues that he was not relieved of all duties during his breaks because he had to charge his cellphone and stay nearby to avoid theft. He maintains that the allegations in his FAC are sufficient to plausibly demonstrate meal and rest break violations. Wal-Mart disputes that assertion in its reply for many of the same reasons already set forth in its moving papers. In addition, Wal-Mart states that although the FAC alleges Reese complained about his circumstances, it does not allege when or to whom the complaint was made, nor does it allege what Wal-Mart's response was.

Under California law, an employer must provide its non-exempt employees with a thirty-minute meal period for every five hours of work and a rest period as provided by the applicable Industrial Welfare Commission ("IWC") wage order. *See* Cal. Lab. Code §§ 226.7, 512. For a meal break to comply with California law, "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1034 (2012). During rest periods, "employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016), *as modified on denial of reh'g* (Mar. 15, 2017). To state a plausible meal or rest break claim, a plaintiff must allege facts

4

specifically identifying an instance where they were deprived of a meal or rest break. *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015); *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020) (holding that a rest break claim fell short of the pleading requirements in *Landers* by not "demonstrating at least one workweek in which [the plaintiffs] were personally deprived of rest breaks."); *Benyamin v. Topgolf Payroll Servs.*, LLC, No. 2:23-CV-00303-JAM-DB, 2023 WL 4054543, at *3 (E.D. Cal. June 16, 2023) (explaining *Landers* applies to meal and rest break claims).

Here, Reese has not stated a cognizable meal period or rest break claim because the FAC fails to plausibly allege that Wal-Mart did not relieve him of all work duties and relinquish control during these times. Reese alleges that his supervisors, Josh and Tyler, instructed him to charge the phone whenever he could, including during breaks.[4] He also alleges that the phone could not be left unattended in case someone walked away with it, and that the phone was necessary to complete his job responsibilities. These allegations, even taken as true, do not sufficiently demonstrate Wal-Mart's role in creating the allegedly unlawful meal and rest breaks. *Cf. Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG FFMX, 2017 WL 7806561, at *3 (C.D. Cal. Aug. 3, 2017) (finding employee stated plausible claim that employer actively prevented employees from taking full, uninterrupted meal or rest breaks where employer imposed strict, time-sensitive duties on employees prior to their breaks, and interrupted their breaks with work-related inquires—including instructions to return to work). The FAC does not allege that

---

[4] To the extent Reese alleges that he was unable to take compliant breaks because of pressure tactics, he must "define[] the contours of, and provided factual support for, the alleged pressure tactics used." *Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 220CV01699SBSPX, 2020 WL 8773059, at *5 (C.D. Cal. Dec. 11, 2020). As currently presented, the FAC's allegations are barebones in this respect. Similarly, the allegation regarding Reese's complaint to his supervisors that he was not able to take uninterrupted meal and rest breaks because of having to charge his work phone is threadbare and does not contain sufficient factual allegations about Wal-Mart's response to plausibly support a claim for relief. *Compare Morales v. Amazon.com, LLC*, No. 2:17-CV-1981-ODW-JEM, 2018 WL 3636888, at *3 (C.D. Cal. July 30, 2018) (finding plaintiff failed to state a claim based on a broad conclusory statement that "workload and pressure required employees to work through their breaks"), *with Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *4 (N.D. Cal. Aug. 2, 2018) (finding meal period claim sufficiently stated by allegation that plaintiff's manager told employees to forego breaks to handle customer calls).

1  *Wal-Mart* restricted the location where Reese could charge the phone or required him to remain
2  alongside it while it was charging such that all work duties were not relieved.  The California
3  Supreme Court has explained that "[a]n employer is liable only if it does not provide an employee
4  with the opportunity to take a compliant meal period.  The employer is not liable if the employee
5  chooses to take a short or delayed meal period or no meal period at all." *Donohue v. AMN Servs.,*
6  *LLC*, 11 Cal. 5th 58, 78 (2021).  Without specific factual allegations explaining how Wal-Mart
7  impermissibly denied Reese meal and rest breaks, the FAC fails to state a claim. *See Benyamin*,
8  2023 WL 4054543, at *3 (finding the plaintiff failed to state a claim where he provided
9  insufficient detail describing the defendants' behavior or instructions impeding him from taking
10 complaint meal or rest breaks).

11 For these reasons, Wal-Mart's motion to dismiss claims 1 and 2 is granted, and Reese is
12 granted leave to amend these claims. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th
13 1200, 1208 (9th Cir. 2022) (leave to amend should be given if amendment could cure pleading
14 defect).

15 **B.    Minimum Wage and Overtime Violations (Claims 3 and 4)**

16 In its motion to dismiss, Wal-Mart argues Reese's minimum wage and overtime claims
17 suffer from the same deficiencies as the meal period and rest break claims.  According to Wal-
18 Mart, "[t]he FAC is simply too short on factual allegations to state a plausible claim."  (Doc. 11 at
19 12.)  In opposition, Reese argues that he was not compensated for the time spent charging his
20 work phone, which he contends qualifies as "hours worked" under the applicable IWC wage
21 order.  Specifically, Reese reasons that he was under Wal-Mart's control during this time because
22 he "had to be near where his phone was which limited his freedom."  (Doc. 15 at 9.)  He also
23 asserts that the FAC "sufficiently alleges facts to support he was engaged, suffered, or permitted
24 to work during his meal and rest breaks" and was not paid for that time.  (*Id.* at 10.)

25 Under California law, "any employee receiving less than the legal minimum wage or the
26 legal overtime compensation applicable to the employee is entitled to recover in a civil action."
27 Cal. Lab. Code § 1194(a).  IWC wage order no. 7-2001 governs the mercantile industry and
28 mandates that employees be paid minimum wage—and where applicable, overtime—for all

6

"hours worked" which "means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."[5] Cal. Code Regs. tit. 8, § 11070. As explained by the California Supreme Court:

> [T]he two clauses of the "hours worked" definition — the control clause and the suffered or permitted to work clause — "establish 'independent factors, each of which defines whether certain time spent is compensable as "hours worked." ' " (*Frlekin v. Apple Inc.*, 8 Cal. 5th 1038, 1046 (2020), quoting *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582 (2000)). "Thus, an employee who is subject to the control of an employer does not have to be working during that time to be compensated under the applicable wage order. ([*Morillion*, at p. 582, 94 Cal. Rptr. 2d 3, 995 P.2d 139].) Likewise, an employee who is suffered or permitted to work does not have to be under the employer's control to be compensated, provided the employer has or should have knowledge of the employee's work." (*Frlekin,* at p. 1046, 258 Cal. Rptr. 3d 392, 457 P.3d 526, italics omitted.)

*Huerta v. CSI Elec. Contractors*, 15 Cal. 5th 908, 918 (2024) (alteration in original).

In *Huerta*, the court reiterated that "[t]he level of the employer's control over its employees, rather than the mere fact that the employer requires the employees' activity, is determinative concerning whether an activity is compensable under the hours worked control clause." *Id.* at 919 (internal quotation marks and citations omitted). An activity's mandatory nature, however, is still probative to this inquiry, as are "the location of the activity, the degree of the employer's control, whether the activity primarily benefits the employee or employer, and whether the activity is enforced through disciplinary measures." *Id.* As to the suffered or permitted to work clause, the standard is met "when an employee is engaged in certain tasks or exertion that a manager would recognize as work." *Id.* at 931 (internal quotation marks and citation omitted).

---

[5] The phrase "suffered or permitted to work" can "encompass [the] time an employee is working but is not subject to an employer's control, such as unauthorized overtime, which the employer has not requested or required, or when an employee voluntarily continues to work at the end of a shift," when the employer has or should have knowledge of such work. *Huerta v. CSI Elec. Contractors*, 15 Cal. 5th 908, 930–31 (2024) (cleaned up).

7

Here, the FAC fails to state cognizable minimum wage or overtime claims under either clause of the "hours worked" IWC wage order definition. When considering whether Reese was under Wal-Mart's control when charging his phone, the argument that he "had to be near where his phone was which limited his freedom" is unpersuasive to the extent that Wal-Mart did not limit where the phone could be taken and charged. Although keeping his phone charged may have been necessary for Reese to execute his work responsibilities, the FAC does not indicate that the level of control exerted by Wal-Mart was of a sufficient degree to plausibly consider this time compensable. *Cf. Frlekin*, 8 Cal. 5th at 1051 (finding an employer's control to be greater in the context of an onsite search where the employees remained confined to the premises). Construing the allegations in the light most favorable to Reese, it is plausible that charging his work phone would primarily benefit Wal-Mart. However, the FAC does not allege whether Wal-Mart would discipline its employees for failing to keep their phones charged. The FAC also contains no allegations that Wal-Mart required Reese to remain in the lounge when charging his phone. To the contrary, the allegations that Reese charged the phone at home every day indicate that he had a great deal of autonomy as to the location where charging could occur. For these reasons, the FAC fails to plausibly allege that the time Reese spent charging his phone is compensable "hours worked" under the control clause of the IWC wage order.

The same is true with respect to the suffered or permitted to work clause. To the extent Reese impliedly argues that charging an employer-provided cellphone is something that a manager would recognize as work, he fails to highlight any factually analogous authority. As currently presented in the FAC, that argument appears to be the same kind of "expansive construction" of the suffered or permitted to work clause that was rejected by the California Supreme Court in *Huerta*. 15 Cal. 5th at 931 ("Because an employee's drive on the access road is not a form of exertion that a manager would recognize as work on the Site, the drive time is not compensable under the suffer or permit clause.").

For these reasons, Wal-Mart's motion to dismiss claims 3 and 4 is granted, and Reese is granted leave to amend these claims. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022) (leave to amend should be given if amendment could cure pleading

8

defect).

## C. Expense Reimbursement Violations (Claim 5)

Wal-Mart argues Reese's expense reimbursement claim should be dismissed because he has not alleged that he was required to charge his cellphone at home. Wal-Mart reasons that Reese could have left his cellphone charging in the store overnight, rather than take it home to charge. Reese argues that he should be reimbursed for the cost of electricity he spent to recharge his work cellphone because Wal-Mart knew or should have known he was incurring this expense.

Section 2802 of the California Labor Code states in relevant part: "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ." Cal. Lab. Code § 2802. To determine whether an expense is "necessary" courts consider "the reasonableness of the employee's choices." *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1077 (9th Cir. 2020). "For example, where an employer is required to indemnify employees' automobile expenses, the employer does not have to indemnify unnecessary extra automobile expenses that are incurred based on the choice of car and fuel." *Id.* (citing *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568, 169 P.3d 889, 897 (2007)).

Here, Reese alleges that he "had to charge a WAL-MART cell phone provided to him to do his job from about September 2021 to on or about May 20, 2024 at home every day before his shift" because he "was instructed by his managers to fully charge his phone before he started his shift." (Doc. 8 at ¶ 46.) These allegations are insufficient to state a claim under Section 2802 of the California Labor Code because they do not explain why Reese needed to take the cellphone home to have it fully charged before his shift. It is entirely consistent with the allegations in the FAC that Reese could have left the cellphone charging in the store overnight. To the extent Reese chose to incur electricity expenses by charging the phone at home, he has not plausibly alleged the necessity or reasonableness of that choice. *Herrera*, 953 F.3d at 1077.

Accordingly, Wal-Mart's motion to dismiss claim 5 is granted, and Reese is granted leave to amend this claim. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022) (leave to amend should be given if amendment could cure pleading defect).

**D.     California Labor Code Sections 226 and 201–203 Penalties (Claims 6 and 7)**

Wal-Mart argues Reese's wage statement and waiting time penalty claims should be dismissed because they are derivative of his first four claims. Reese concedes that his sixth and seventh claims are derivative of his first four claims.

California law requires that employers furnish employees with accurate, itemized wage statements. Cal. Lab. Code § 226. Waiting time penalties may be recovered under California Labor Code Section 203 "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits." Cal. Lab. Code § 203.[6]

Claims 6 and 7 of the FAC are clearly premised on the first four claims and do not contain factual allegations beyond the grievance regarding the cellphone charging. Because Reese's overtime, minimum wage, meal period, and rest break claims are not cognizable as pled, his derivative wage statement and waiting time penalty claims also fail for the reasons stated above. Accordingly, Wal-Mart's motion to dismiss this claim is granted, also with leave to amend. *Garza v. WinCo Holding, Inc.*, No. 1:20-CV-01354-JLT-HBK, 2022 WL 902782, at *15 (E.D. Cal. Mar. 28, 2022) (dismissing wage and hour claims that were derivative of deficiently pled underlying claims and collecting cases).

**E.     Constructive Wrongful Termination in Violation of Public Policy (Claim 8)[7]**

To establish a constructive discharge, a plaintiff must plead "that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994). In considering whether conditions were

---

[6] *See also Bunkley v. Cole Haan, LLC*, No. 2:24-CV-00245-DAD-AC, 2025 WL 50688, at *7 (E.D. Cal. Jan. 8, 2025) ("While § 201 covers employees terminated by their employers, § 202 covers employees who resign voluntarily. To enforce these provisions, § 203 authorizes waiting time penalties for employers who 'willfully' fail to comply with §§ 201, 202.").

[7] Given the conclusion below that Reese has failed to state the constructive discharge portion of this claim, the Court declines to assess the additional pleading requirements for a claim of wrongful termination in violation of public policy.

1  intolerable, "[t]he proper focus is on whether the resignation was coerced, not whether it was
2  simply one rational option for the employee." *Id.* at 1246.  As a general matter, a constructive
3  discharge claim must be premised on more than "single, trivial, or isolated acts of misconduct."
4  *Id.* at 1247.  The standard of reasonableness in this context is evaluated objectively. *Id.* at 1248.
5  While direct evidence of an employer's intent to cause resignation is not necessary, the California
6  Supreme Court has rejected a "constructive knowledge" standard. *Id.* at 1248–51.  Instead, the
7  test is whether the employer had actual knowledge of the intolerable conditions. *Id.*

8      Here, the FAC alleges that the intolerable working conditions which led Reese to resign
9  included "not being reimbursed for work expenses, being forced to give away plastic bags free of
10 charge which violated the law, not being permitted to take uninterrupted meal and rest periods,
11 and having to charge his phone during meal breaks which was unpaid work." (Doc. 8 at ¶ 62.)
12 As discussed above, Reese has failed to meet the pleading requirements for claims premised on
13 having to charge his work cellphone.  As currently pled in the FAC, the allegations concerning
14 Wal-Mart's policy of providing free bags when customers failed to pay the $0.10 charge is the
15 type of trivial misconduct that does not support a claim for constructive discharge. *See Turner*, 7
16 Cal. 4th at 1247, 1254 ("The mere existence of illegal conduct in a workplace does not, without
17 more, render employment conditions intolerable to a reasonable employee.").  Consequently,
18 Reese also fails to allege that his resignation was coerced—he has not pled factual content from
19 which to plausibly infer, based on an objective standard, that "a reasonable employer would
20 realize that a reasonable person in the employee's position would be compelled to resign." *Id.* at
21 1251.  Because "the employee's resignation must be *employer*-coerced, [and] not caused by the
22 voluntary action of the employee," Reese has failed to state a claim. *Id.* at 1248.

23     Therefore, Wal-Mart's motion to dismiss this claim is granted, and Reese is granted leave
24 to amend this claim. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th 1200, 1208 (9th
25 Cir. 2022) (leave to amend should be given if amendment could cure pleading defect).

26 **F.    Intentional Infliction of Emotional Distress (Claim 9)**

27     In its motion to dismiss, Wal-Mart argues this claim should be dismissed because the
28 allegations that Reese experienced Labor Code violations and was required to give customers free

11

plastic bags "is not outrageous conduct that exceeds all bounds of decency in a civilized society." (Doc. 11 at 17.) Wal-Mart also argues that Reese's IIED claim is barred because the California Workers' Compensation Act ("CWCA") provides him with an exclusive remedy for injury occurring in the normal course of the employer-employee relationship. In his opposition, Reese explains that this IIED claim is "based on [his] wrongful termination which" he asserts "violat[ed] public policy and is outrageous." (Doc. 15 at 19.) Reese also argues that his IIED claim is premised on conduct which has no proper place in the employment relationship, so the CWCA exclusive remedy provisions do not apply.

Under California law, an IIED claim is comprised of three elements: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal quotation marks and citation omitted). For conduct to be "outrageous" it must be so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)

The Court agrees with Wal-Mart that the FAC contains insufficient facts to allege that Wal-Mart took any steps "so outside the bounds of conduct tolerated by a decent society" so as to give rise to an IIED claim. *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). Moreover, this claim also fails to the extent it is premised on other deficiently pled claims.

Therefore, Wal-Mart's motion to dismiss this claim is granted, and Reese is granted leave to amend this claim. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022) (leave to amend should be given if amendment could cure pleading defect).

**G.   California Business and Professions Code Section 17200 Violations (Claim 10)**

Wal-Mart seeks to dismiss Reese's tenth claim for equitable relief under the California Unfair Competition Law ("UCL"). Wal-Mart argues this claim should be dismissed because the FAC fails to allege that Reese lacks an adequate remedy at law. Wal-Mart relies on the Ninth

1  Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842 (9th Cir. 2020).

> In *Sonner v. Premier Nutrition Corp.*, the plaintiff initially brought claims for equitable relief under the UCL and [Consumer Legal Remedies Act ("CLRA")] and for damages under the CLRA, but later strategically dismissed her CLRA damages claim to avoid a jury trial. 971 F.3d 834, 837–38 (9th Cir. 2020). We concluded that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and [CLRA]," including "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists." *Id.* at 837, 842. We held that under this federal inadequate-remedy-at-law principle, if the plaintiffs had an adequate legal remedy under the CLRA, they could not also maintain equitable claims under the UCL and CLRA in federal court. *Id.* at 844. We reasoned that, even if the relevant state court would allow the equitable claims to proceed, the federal court must apply federal principles governing equity jurisdiction. *Id.* at 841–44. As a result, having concluded that the plaintiff had an adequate legal remedy in the CLRA, we affirmed the dismissal of the plaintiff's equitable UCL and CLRA claims. *Id.* at 845.

*Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) (second and third alterations in original).

Here, Reese's tenth cause of action under the UCL seeks equitable relief "to enforce the labor laws specified in Claims One through Five, and require Defendant to pay Plaintiff for interrupted meal and breaks, minimum and overtime wages for working through meal breaks, and work expenses."[8] (Doc. 8 at ¶ 79.) However, Reese's single allegation that legal remedies would be inadequate to redress this claim is conclusory. In fact, Reese's Labor Code claims—which are predicated on the same policies and practices as his UCL claim—would appear to provide him with an adequate remedy at law in the form of money damages. Pursuant to *Sonner*, Reese's UCL claim cannot proceed in this Court. *McDowell v. Penske Truck Leasing Co.*, No. 523CV02406ODWASX, 2024 WL 1354261, at *3 (C.D. Cal. Mar. 29, 2024) ("District courts have consistently dismissed UCL claims based entirely on Labor Code wage-and-hour violations that do not allege the lack of an adequate legal remedy.").

Reese's barebones arguments to the contrary are unavailing. First, although Reese correctly notes that plaintiffs may seek alternative remedies in their complaints, the requirement

---

[8] Because "[a] UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003).

13

1  that those alternative remedies be adequately pled still applies on a motion to dismiss. *See, e.g.*,
2  *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021) ("The issue is not whether
3  a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for
4  equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal
5  remedy. On that point, *Sonner* holds that it does not."). Second, Reese cites no authority to
6  support the argument that a difference in the statute of limitations between the UCL and the
7  California Labor Code renders legal damages inadequate. In fact, several district courts in this
8  circuit have rejected that very argument. *Sagastume v. Psychemedics Corp.*, No. CV 20-6624
9  (GJSX), 2021 WL 3932299, at *7 (C.D. Cal. Feb. 16, 2021) ("[A] difference in the statute of
10 limitations period is insufficient to allege legal remedies are inadequate."); *Alvarado v. Wal-mart*
11 *Assocs., Inc.*, No. CV 20-1926 DSF (JCX), 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7, 2020)
12 (same); *Martinez v. Hub Grp. Trucking, Inc.*, No. EDCV2001384JAKSPX, 2021 WL 937671, at
13 *8 (C.D. Cal. Jan. 11, 2021) (same); *Mish v. TForce Freight, Inc.*, No. 21-CV-04094-EMC, 2021
14 WL 4592124, at *6–7 (N.D. Cal. Oct. 6, 2021) (same); *Wood v. N. Am. Van Lines, Inc.*, No.
15 820CV02092JLSADS, 2022 WL 1197475, at *3 (C.D. Cal. Feb. 28, 2022) (same); *Utne v. Home*
16 *Depot U.S.A., Inc.*, No. 16-CV-01854-RS, 2022 WL 1443339, at *2 (N.D. Cal. May 6, 2022)
17 (same).
18      For these reasons, Wal-Mart's motion to dismiss this claim is granted, and Reese is
19 granted leave to amend. *United Data Servs., LLC v. Fed Trade Comm'n*, 39 F.4th 1200, 1208
20 (9th Cir. 2022) (leave to amend should be given if amendment could cure pleading defect).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons explained above:

1. Wal-Mart's motion to dismiss (Doc. 11) is granted;

2. All claims asserted in the FAC are dismissed, with leave to amend;

3. Within fourteen (14) days from the date of entry of this order, Reese shall file either a second amended complaint or a notice of his intent not to do so; and

4. If a second amended complaint is filed by Reese, Wal-Mart shall file a responsive pleading thereto within fourteen (14) days of its filing.

IT IS SO ORDERED.

Dated:   February 12, 2025

_____
UNITED STATES DISTRICT JUDGE